ROBERT J. AND DORIS M. REILLY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reilly v. Commissioner
Docket No. 18616-88.
United States Tax Court
T.C. Memo 1989-312; 1989 Tax Ct. Memo LEXIS 299; 57 T.C.M. (CCH) 806; T.C.M. (RIA) 89312; June 26, 1989. *299 Petitioners made a cash investment in a partnership in 1977. In 1977 and 1978, such partnership experienced operating losses and had unused ITCs. Petitioners erroneously reported their distributive share of such losses and credits when filing Federal income tax returns with respect to 1977 and 1978, and carried such losses and credits back to 1975. Petitioners' 1977 taxable year is closed by virtue of the expiration of the period of limitations. Petitioners' 1978 taxable year is still open to assessment. Petitioners assert that, for purposes of determining the net operating loss and ITC carrybacks to 1975, they are entitled to rely on the erroneously reported figures from 1977. Petitioners concede the adjustments made with respect to the 1978 net operating loss and ITC. Held, section 6214(b) gives the Court the authority to consider, in redetermining a deficiency for any taxable year, the correct facts in other taxable years and to determine the correct net operating loss and ITC carrybacks to the open year at issue. Jerome Blut, for the petitioners. Paul L. Dixon, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency in petitioners' Federal *300 income tax for 1975 in the amount of $ 20,484. The issue for decision is the determination of the amount of petitioners' proper net operating loss (NOL) and investment tax credit (ITC) carried back from 1978 to 1975. In order to make such determination, we must first determine the proper amount of NOL and ITC to be carried back from the taxable year 1977. Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated by reference. Petitioners Robert J. Reilly and Doris M. Reilly, husband and wife, resided in Las Vegas, Nevada, when their petition in this case was filed. Petitioners filed a joint Federal income tax return for the year at issue. In 1977, petitioners made a $ 75,000 cash investment in Riverside Properties (Riverside) in exchange for a limited partnership interest. Riverside was a partnership formed for the purposes of acquiring a cable television franchise, and constructing and operating a cable television system. Commencing in late 1979, Riverside's 1977 and 1978 partnership returns were examined by the Internal Revenue Service. The examination concluded on October 26, 1983, at which time a general *301 partner of Riverside agreed to certain adjustments in Riverside's allowable loss and ITC for 1977 through 1979. The bases of these adjustments, as stated in an examination report (Riverside examination report) prepared by the Internal Revenue Service, were twofold. Allowable depreciation and ITC were adjusted because the cable television system was placed in service in 1978, not 1977 as originally reported by Riverside. Also, certain deductions were adjusted because certain expenses were amortizable, while others were disallowed because certain expenses were not paid. Additionally, as a result of the application of the at-risk rules, the Riverside examination report limited the Riverside limited partners' net loss in 1977 and 1978 to the amount of their total cash investment. Pursuant to the Riverside examination report, petitioners' correct distributive share of net loss and ITC from Riverside is as follows: Taxable Year
Loss
Investment Tax Credit
1977
$ 21,454
$ 3,300
1978
$ 49,030
$ 10,234
1979
$ 4,516
0  $ 75,000
$ 13,534
However, on petitioners' 1977 and 1978 Federal income tax returns, petitioners claimed a distributive share of loss and ITC from Riverside as follows: Taxable Year [1] *302 Loss
Investment Tax Credit
1977
$ 71,927
$ 15,708
1978
$ 98,134
$ 3,071
As a result of the Riverside losses so claimed, petitioners claimed a NOL for 1978 which they carried back to 1975. In carrying back their 1978 NOL and ITC petitioners first had to determine what amount of NOL and ITC was to be carried back from their 1977 taxable year. Prior to the expiration of the period of limitations for petitioners' 1977 taxable year, petitioners executed a Form 872-A, Special Consent to Extend the Time to Assess Tax, with respect to adjustments in petitioners' taxable income relating to petitioners' investment in Riverside for 1977. On June 2, 1988, respondent issued a notice of deficiency to petitioners determining a deficiency for 1975. The deficiency was caused by respondent's redetermination of petitioners' distributive share of loss from Riverside in 1977 and 1978 in accordance with the Riverside examination report. As a result of these adjustments, respondent decreased the amount of petitioners' 1978 NOL carryback to 1975 increasing petitioners' taxable income and creating a deficiency for 1975. Prior to respondent's issuance of a notice of deficiency for petitioner's 1975 taxable year, respondent *303 discovered, and both parties now acknowledge, that the Form 872-A executed with respect to petitioners' 1977 taxable year was ineffective to extend the period of limitations for 1977. The period of limitations for petitioners' 1977 taxable year had actually expired June 16, 1981, prior to respondent's issuance of a notice of deficiency to petitioners on June 2, 1988, with respect to petitioners' 1975 taxable year. However, the period of limitations with respect to all other relevant years in this case are open. As a result of respondent's adjustments to petitioners' loss and ITC from Riverside in 1977 and 1978, and the expiration of the period of limitations for assessment with respect to petitioners' 1977 taxable year, petitioners assert that they are entitled to their 1977 loss and ITC from Riverside as claimed with respect to their 1977 taxable year in calculating their NOL carryback from 1978 to 1975. Also as a result of these adjustments, petitioners claim that they are entitled to an ITC carryback from 1978 for purposes of computing their 1975 tax liability. However, petitioners do not dispute the correctness of the computations in the Riverside examination report as it pertains *304 to their 1977 and 1978 taxable years. Rather, petitioners assert they are entitled to their erroneously claimed 1977 losses and ITC from Riverside for purposes of computing their 1975 tax liability because the period of limitations for assessment had expired for 1977. The issue is the determination of the proper amount of NOL and ITC carryback from 1978 that can be utilized in 1975. To make such determination, we must first determine the correct amount of income remaining for tax year 1975 after the application of the NOL carryback from 1977. In order to make this determination, we must decide whether the NOL to be carried back from 1977 to 1975 is the NOL from 1977 as originally claimed or as subsequently determined by respondent and conceded by petitioner. We agree with respondent that petitioners are not entitled to claim the incorrectly reported NOL and ITC from 1977 by virtue of the expiration of the period of limitations for 1977 for purposes of determining their NOL and ITC carrybacks to 1975. Section 6214(b) [2] gives this Court, in redetermining a deficiency in income tax for any taxable year, the authority to consider such facts with relation to the taxes for other years *305 as may be necessary to correctly redetermine the amount of such deficiency. [3] *306 In , affd. on another issue , we held that section 6214(b) permits a taxpayer's income to be recomputed for a period for which assessment of a deficiency was barred by the statute of limitations in order to determine the proper amount of NOL carryback available for use in an open year. See ; ; , affd. without published opinion ; . [4] The same applies for ITC carryovers. . Given our authority to redetermine petitioners' distributive share of Riverside's loss and ITC for 1977 and 1978 for purposes of determining petitioners' 1975 tax liability without regard to the expiration of the period of limitations for 1977, and given petitioners' acceptance of the merits of respondent's determination on substantive grounds, we hold for respondent. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Petitioners' claimed losses and ITC for 1979 are not part of the record.
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
3. Section 6214(b) provides as follows: (b) JURISDICTION OVER OTHER YEARS AND QUARTERS. -- The Tax Court in redetermining a deficiency of income tax for any taxable year or of gift tax for any calendar year or calendar quarter shall consider such facts with relation to the taxes for other years or calendar quarters as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year or calendar quarter has been overpaid or underpaid. 4. See also ; ; ; ; .↩